# The Atkin Firm, LLC
### Attorney at Law

By: John C. Atkin, Esq.*
    ---
* Member of NJ, NY, and PA Bar

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

Tel:  (973) 314-8010
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

April 14, 2026

**VIA ECF**

The Honorable Vera M. Scanlon, U.S.M.J.
U.S. Dist. Court for the Eastern Dist. of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **RE:** **Strike 3 Holdings, LLC v. John Doe infringer identified as using IP address 71.167.214.13**
> **Dkt. No. 1:24-cv-07506-ENV-VMS**

Judge Scanlon:

As Your Honor is aware, I represent Plaintiff Strike 3 Holdings, LLC ("Plaintiff") in the above-referenced matter. Pursuant to Fed. R. Civ. P. 54(b),[1] I write to respectfully request the entry of an Order amending and/or supplementing the Court's April 1, 2025 [D.E. 9] and January 7, 2026 [D.E. 14] orders to address whether Plaintiff should file its forthcoming application for the entry of default and motion for default judgment under seal[2] and maintain a John Doe placeholder in the case caption.

On April 1, 2025, the Court entered an Order authorizing limited expedited discovery that included, among other things, a direction that "until such further Order of the Court, the case identified in the caption above shall be litigated in the name of Doe Defendant, regardless of what information is disclosed pursuant to the Subpoena[.]" D.E. 9 at 5.

---

[1] Rule 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." District Courts also possess inherent authority to revise interlocutory orders prior to the entry of final judgment. *U.S. v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *Esposito v. Suffolk Cty. Cmty. Coll.*, 517 F. Supp. 3d 126, 133–34 (E.D.N.Y. 2021). "Whether such revision is appropriate in any given case is within the sound discretion of the trial judge." *Acha v. Beame*, 570 F.2d 57, 63 (2d Cir. 1978); *see also DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992).

[2] In the past, Plaintiff has sought to file documents with "*ex parte*" status, but the Eastern District of New York no longer appears to make a meaningful distinction between sealed and *ex parte* documents, at least insofar as both are not allowed to be accessed electronically by the filing party.

Hon. Vera M. Scanlon, U.S.M.J.
April 14, 2026

On January 7, 2026, the Court entered an Order that provided Plaintiff with, among other things, leave to file its "First Amended Complaint, Amended Civil Cover Sheet, Proposed Summons, and Proof of Service/Waiver of Service" as "*ex parte*" documents and continued to direct that a John Doe placeholder be maintained in the caption—both on a provisional basis. D.E. 14. That Order further directed that (1) Plaintiff shall not file "any document on the public docket that contains the defendant's real name and/or address," and (2) that Defendant must show cause, within 60-days of service, "why the First Amended Complaint and related documents should not be filed publicly in unredacted form, and the name of Defendant substituted for John Doe in the case caption." D.E. 14 at ¶¶5, 7.

On January 20, 2026, Plaintiff served Defendant with the summons, First Amended Complaint, and the January 7, 2026 Order. D.E. 20, 21. The time for Defendant to file an Answer or otherwise respond to the First Amended Complaint expired on February 10, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i). The time for Defendant to respond the "Show Cause" provision of the January 7, 2026 Order expired on March 23, 2026. *See* D.E. 14 at ¶7; Fed. R. Civ. P. 6(a). To date, Defendant has not filed a response to the First Amended Complaint, nor filed a response to the January 7, 2026 Order, nor contacted the undersigned.

Accordingly, Plaintiff now intends to file an application seeking the entry of default, Fed. R. Civ. P. 55(a), and (eventually) a motion for default judgment. Fed. R. Civ. P. 55(b). However, before Plaintiff applies for this relief, it respectfully requests direction from the Court whether Plaintiff should continue to (1) maintain the John Doe pseudonym in the case caption and (2) file documents containing Defendant's true name and address under seal.

Courts within this District have approached this issue differently, ranging from ordering Plaintiff (or the Clerk) to refile the First Amended Complaint on the public docket (without redactions) and denying further sealing, *see Strike 3 Holdings, LLC v. Glanville*, No. 24-2287 (E.D.N.Y. Nov. 5, 2024) (Text Order); *Strike 3 Holdings, LLC v. Banigo*, No, 23-5664 (E.D.N.Y. Jan. 8 and 17, 2024) (Text Orders), to requiring Plaintiff to file its default paper(s) under seal and only revealing the Defendant's information on the public docket once default judgment is entered by the District Court. *See Strike 3 Holdings, LLC v. Calnick*, Dkt. No. 23-998, D.E. 30 (E.D.N.Y. July 11, 2024); *see also* No. 23-998 (E.D.N.Y. Dec. 22, 2023) (Text Order)

As a practical matter, an order requiring Defendant to litigate under their true name on the public docket at this juncture will make the default process administratively easier. For example, Plaintiff would only need to file one set of papers and can serve CM/ECF stamp-filed versions of documents directly, without relying upon the Court to serve them or provide copies to Plaintiff's counsel *via* encrypted email for service. However, as *Calnick* demonstrates, it is feasible to conduct the default process "behind closed doors" with respect to Defendant's identity, if the Court finds it appropriate, so long as the Defendant is identified in the eventual judgment (if one is granted).

Plaintiff also respectfully notes that the Court may consider, as an alternative, entering a second Order to Show Cause to give Defendant a further opportunity to be heard on this issue before the Court renders a decision. *See Strike 3 Holdings, LLC v. Banigo*, No, 23-5664 (E.D.N.Y. Dec. 1, 2023) (Text Order) (second Order to Show Cause to Defendant); *see generally Courthouse News Serv. v. Corsones*, 131 F.4th 59, 66, 75-76 (2d Cir. 2025) (holding that the public's

Hon. Vera M. Scanlon, U.S.M.J.
April 14, 2026

presumptive right to access to complaints in civil matters is not an "unconditional right of instantaneous access" and that controlling precedent "envisions courts imposing delays while they inquire into complicated issues before reaching a decision," because "courts need time in individual cases to assess whether a particular demand falls within the scope of the right").

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ John C. Atkin*

John C. Atkin, Esq.

cc:     Defendant (*via* CM/ECF and Regular Mail)